UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES CABLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00018-JRS-TAB |
| | ) | |
| ERIC HOLCOMB, | ) | |
| INDIANA GOVERNOR'S OFFICE, | ) | |
| INDIANA ATTORNEY GENERAL, | ) | |
| CONNIE LAWSON, | ) | |
| SECRETARY OF STATE, | ) | |
| STATE TREASURER'S OFFICE, | ) | |
| STATE HEALTH DEPT., | ) | |
| BUREAU OF MOTOR VEHICLES, | ) | |
| MARION COUNTY PROSECUTOR AGENCY, | ) | |
| MARION PUBLIC DEFENDERS AGENCY, | ) | |
| MARION COUNTY PROBATION DEPT., | ) | |
| MARION COUNTY COMMUNITY CORRECTIONS, | ) | |
| CT CORPORATION OF SWITZERLAND, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint
and Directing Entry of Final Judgment**

Plaintiff Michael James Cable, an inmate at Marion County Jail, brings this action purportedly under various civil rights statutes alleging that the defendants violated his civil rights. Because Mr. Cable is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. For the reasons that follow, Mr. Cable's complaint is **dismissed with prejudice**, and the Court now directs entry of final judgment.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

1

against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6):

> [The Amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Complaint

Mr. Cable has sued Governor Eric Holcomb, Secretary of State Connie Lawson, and various governmental agencies, including the State Health Department, the Bureau of Motor Vehicles, and the State Treasurer's office. Dkt. 1. He alleges Defendants have violated his civil rights, and he cites to quotations from the Bible, Thomas Jefferson, and other various sources. A sample of his allegations include:

> Now this suit is observed as an 'informative measure' and mean; strictly for purposes of how 'We the People' are being commercially raped and plundered through customs and, more exclusively the law merchant, which typical consumers have no been well informed of any difference.

Dkt. 1 at 2.

> So, "chancellor', if you respect 'good faith' UCC § 1-201(19), then at intervals during this urgency, you will most assuredly have to decide, just where the 'prospective advantage' lies as data entry definitions become asserted.

*Id.* at 3.

> However, as a 'bonafide beneficiary' UCC § 5 – 103-d I am a creditor of the U.S.; regardless if its 'secured party'. Yet, in your position of gov. manipulating my records would never give you the position of a creditor over I; man.

*Id.* at 6.

For his requested relief, Mr. Cable seeks "copyright infringement" in the amount of one million dollars per day in addition to "x2 copyrights" and "Sherman Anti-Trust x 3." *Id.* at 14.

### III. Discussion

Mr. Cable's complaint is frivolous. Even construing it liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), it fails to plausibly allege any viable federal claim, *see* Fed. R. Civ. P. 8(a) (pleading must contain "a short and plain statement of the claim"), and it asserts sovereign citizen-like arguments, which have repeatedly been rejected. *Bey v. State*, 847 F.3d 559, 559 – 60 (7th Cir. 2017) ("We have repeatedly rejected [sovereign citizen] claims."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [] theories of individual sovereignty, immunity from prosecution, and their ilk."); *see also United States ex rel. Garst v. Lockheed Martin*, 328 F.3d 374, 378 (7th Cir. 2003) (dismissal of a complaint on the ground that it is unintelligible is unexceptional). Mr. Cable's *pro se* complaint will therefore be **dismissed**.

Ordinarily, the Court affords plaintiffs at least one opportunity to amend their pleading. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1023 (7th Cir. 2013). But it is clear here any amendment would be frivolous, and so the court dismisses the complaint with prejudice. *See Schor v. City of Chicago*, 576 F.3d 775, 777 (7th Cir. 2009) (affirming district court's decision denying plaintiffs' request for leave to amend where any amendment would have been frivolous); *Sanchez v. United States*, 798 F.App'x 936, 937 (7th Cir. 2020) ("The district court permissibly denied leave to amend . . . Here, the court correctly decided that [plaintiff's] allegations are incurably frivolous.").

## IV. Conclusion

For those reasons, all pending motions are **denied as moot**, and Mr. Cable's complaint is **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A. Final judgment shall enter accordingly. **SO ORDERED**.

Date: 4/12/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL JAMES CABLE
488954
MARION COUNTY JAIL II
MARION COUNTY JAIL II
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203